**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED SCRANTON
APR - 9 2018
PER ____ DEPUTY CLERK

EDWARD THOMAS KENNEDY

Plaintiff,

v.

Civil Action No. ________

TRIAL BY JURY DEMANDED

DAVID JOHN DUTCAVAGE,
in his official and individual capacities,
GEORGE FRANCIS HALCOVAGE,
in his official and individual capacities,
JOSEPH G. GROODY,
in his official and individual capacities,
and COUNTY OF SCHUYLKILL,
PENNSYLVANIA,

Defendants.

**COMPLAINT PURSUANT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AND OTHER CAUSES OF ACTION**

Plaintiff sues the Defendants, in their official and individual capacities, for operating a criminal enterprise, for violating Plaintiff's due process rights, vested property rights, constitutional rights, for misappropriating property, and for violating Plaintiff's statutory rights to obtain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, known in Pennsylvania as the Pennsylvania Right to Know Law ("RTKL") (65 P.S. § 67.101 et seq.) designed to guarantee that the public has access to public records of governmental

bodies in Pennsylvania. The Defendants have systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature. As grounds therefore, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This is a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). RICO addresses the corrupt abuse and misuse – usually covertly – of organizations, entities, businesses, institutions or even governments or government agencies, such that superficially legitimate entities actually operate for criminal purposes irrelevant to the entity's purpose.

2. Plaintiff has filed Right to Know Law ("RTKL") requests for public records created or held by the Defendant County of Schuylkill ("County"), and individual Defendants herein which records are of the public interest and importance to the citizens of the United States.

3. Considering important RTKL requests in particular, the Defendants have withheld documents from the Plaintiff to which the Plaintiff is entitled to by law under FOIA and RTKL laws concerning policies, practices and customs by the County of Schuylkill for persons, companies, countries, and other interests to conduct business. In addition, the second RTKL at issue concerns the Defendants, and in particular Defendant Joseph G. Groody, and his kidnapping of the Plaintiff on August 30, 2017 in support of his criminal enterprise. RTKL requests also concerning Defendant Dutcavage's extortion of fees and payment for bounced checks on October 30, 2017, Exhibit 1, in support of his criminal enterprise. As it has now been revealed, a primary reason that the Plaintiff was kidnapped was that Maria

Casey denied Plaintiff a proper warrant by certifying a Bench Warrant to kidnap the Plaintiff and Denial of Access to Evidence to the Plaintiff in support of their criminal enterprise. Upon information and belief, Plaintiff states that it is the custom, policy and practice for Defendants Halcovage, Dutcavage and Groody to lie under oath and breach their oath contracts in order to protect their criminal enterprise.

4. Using concealed communications, upon information and belief, the Defendants negotiated, arranged and managed their criminal enterprise.

5. As a result, Defendants unlawfully withheld documents to which Plaintiff was entitled to under the FOIA and RTKL laws.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows for nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

8. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

## III. THE PARTIES

9. Plaintiff Edward Thomas Kennedy is an adult citizen and resident of Breinigsville, Pennsylvania, County of Lehigh and of full age.

10. Plaintiff is a Roman Catholic Priest since 2013 and Papal Knight, Hospitaller Order, since 2008. Plaintiff took an oath to relieve all human suffering in a church at his

Investiture. Plaintiff holds a Masters degree in Business Administration from the University of Notre Dame, and is grateful to G. Robert Blakey, an emeritus professor at Notre Dame Law School, known for writing the RICO laws. Plaintiff did not seek his advice or opinion.

11. Plaintiff seeks to promote openness and transparency in the public interest within the County of Schuylkill government and governmental actions for the benefit of the American people and citizens.

12. Plaintiff initially signed and requested, pursuant to RTKL, the records set forth with regard to the RTKL requests at issue here. In particular, the Defendants have withheld documents from the Plaintiff to which the Plaintiff is entitled to by law under RTKL concerning emails, County of Schuylkill Sheriff office contracts, federal income tax returns, prison bonds, "Bad Checks," oaths of office, full legal names, handwritten evidence from the public hanging of six Irish Catholic men in the County of Schuylkill prison June 21, 1877, a date remembered as 'Black Thursday,' and County of Schuylkill election results, policies, financial disclosures and practices.

13. The Plaintiff's injuries, including the deprivation of his legal rights and legally protected vested property rights, are proximately related to the illegal conduct of Defendants, each and every one of them, jointly and severally.

14. Defendant David John Dutcavage is acting in all events relevant herein as an individual operating a criminal enterprise, but also is Prothonotary, County of Schuylkill. He is a citizen of Pennsylvania. Previously Dutcavage held public office as Cororor and Mayor of the Borough of Minersville, County of Schuylkill. Dutcavage is sued in his official and individual capacities.

15. Defendant George Francis Halcovage is acting in all events relevant herein as an individual operating a criminal enterprise, but also serves as Commissioner, County of Schuylkill and a Member of its prison board. He is a citizen of Pennsylvania. Halcovage recently announced his intention to run for political office as a US Representative. Halcovage is sued in his official and individual capacities.

16. Defendant Joseph G. Groody is acting in all events relevant herein as an individual operating a criminal enterprise, but also is Sheriff, County of Schuylkill. He is a citizen of Pennsylvania. Groody is sued in his official and individual capacities.

17. Defendant County of Schuylkill is located in the Commonwealth of Pennsylvania. It is a municipal corporation and the public employer of Defendants Dutcavage and Halcovage.

18. Though not named as a Defendant, a relevant actor is Maria Casey, Clerk of Courts County of Schuylkill Casey who violated Plaintiff's civil rights by certifying a false Bench Warrant that led to Plaintiff's false imprisonment and kidnapping. Casey also violated Plaintiff's Fourth Amendment rights and Pennsylvania BAR Association Professional Rules of Conduct. Notice is hereby given to the Court that there is a history of financial crimes associated with this office now held by Casey.

19. Though not named as Defendants, relevant actors are Christine Anne Holman Michael Andrew O'Pake, David J. Rice and Thomas Patrick Pellish, who violated Plaintiff's civil rights by failing to disclose that they denied and refused to disclose Plaintiff's Fourth Amendment rights to a speedy trial. These relevant actors also violated Pennsylvania BAR

Association Professional Rules of Conduct for Prosecutors. Plaintiff has recently filed complaints with the Pennsylvania Disciplinary Board against a few of these relevant actors.

20. Defendant County of Schuylkill is located in the Commonwealth of Pennsylvania. It is a municipal corporation and the public employer of Defendants Dutcavage, Halcovage and Groody.

21. Schuylkill County BAR Association is a corporation, and is a subsidiary of the Pennsylvania BAR Association, which is a subsidiary of the American BAR Association, which is a subsidiary of the International BAR Association, and is not sued but is a relevant player. Individual members of the Pennsylvania BAR Association Schuylkill County BAR Association have no legislative foundation to practice law. Some Schuylkill County BAR members use the Title of of Esquire. The Nobility Clause is a provision in Article I, Section 9, Clause 8 of the United States Constitution, that prohibits the federal government from granting titles of nobility, and restricts members of the government from receiving gifts, emoluments, offices or titles from foreign states. Schuylkill County BAR members, a private membership association, violate the Article I, Section 9, Clause 8 of the United States Constitution.

22. Though not named as a Defendants, relevant actors are also Christine Elisa Hale and David A. (no disclosure of middle name, possible perjury) Plachko who violated the following US code 18 U.S.C. § 3751 for the following: Breach of Oath Contract, Denial of Proper Warrant (no supporting Affidavit and no Miranda warning), Denial of Access to all Evidence, Denial of Reasonable Defense Arguments, Denial of the Right to Truth in Evidence

and Attempted Slavery. Both relevant actors Hale and Plachko changed the records in Magistrate District court files, a violation of 18 U.S.C. § 241 18 U.S.C. § 2071.

## IV. FACTS COMMON TO ALL COUNTS

23. The United States law at 6 CFR 37.3 defines full legal name as an individual's first name, middle name(s), and last name or surname, without the use of initials or nicknames.

24. Defendants Halcovage, Dutcavage, and Groody have no lawful Oaths of office. The Oath of office is a quid pro quo contract cf [U.S. Const. Art. 6, Clauses 2 and 3, Davis vs. Lawyers Surety Corporation., 459 S.W. 2nd. 655, 657., Tex. Civ. App.] in which clerks, officials, or officers of the government pledge to perform (Support and uphold the United States and state Constitutions) in return for substance (wages, perks, benefits). Proponents are subjected to the penalties and remedies for Breach of Contract, Conspiracy cf [Title 18 U.S.C., Sections 241, 242], Treason under the Constitution at Article 3, Section 3., and Intrinsic Fraud cf [Auerbach v Samuels, 10 Utah 2nd. 152, 349 P. 2nd. 1112,1114. Alleghany Corp v Kirby., D.C.N.Y. 218 F. Supp. 164, 183., and Keeton Packing Co. v State., 437 S.W. 20, 28]. Defendants breached their oath contracts.

25. Defendants Dutcavage, Halcovage and Groody violated Plaintiff's statutory right to obtain records and documents under the Pennsylvania Right to Know Law, Act of Feb. 14, 2008, P.L. 6, No. 3 from January 1, 2015 to March 30, 2018. Schuylkill County BAR Association conspired with Defendants to violate Plaintiff's rights and cause injury and damages.

26. Defendants Halcovage, Dutcavage, and Groody and individual members of the

Schuylkill County BAR Association took oaths of office and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into a Court of law or official, public records.

27. Defendants Halcovage, Dutcavage, Groody and individual members of the Schuylkill County BAR Association do not use their full legal names in their attorney registrations on the Supreme Court of Pennsylvania website. Although not a party to this complaint, Plaintiff believes that the Schuylkill County BAR Association is a criminal enterprise.

28. Individual Defendants Dutcavage, Halcovage, and Groody tell lies under oath in order to hide their criminal enterprise.

29. Defendant Dutcavage made false statements under oath to a police officer that Plaintiff Kennedy violated 18 § 4105 §§ A1 Grade S, Bad Checks, in the Court of Magisterial District Judge 21-3-07, Docket MJ 21307- NT 0000253-2017.

30. On 10/30/2017, Defendant Dutcavage extorted payment from the Plaintiff for both photocopies and a "Bounced Checks" fee. (See Exhibit 1, 2 pages)

31. It is the policy and custom for Defendants County of Schuylkill, and Defendants Halcovage, Groody and Dutcavage to violate The Laws of the United States 6 CFR 37.3, definition of the legal name, in order to hide and cover up their criminal enterprise.

32. Defendants Halcovage, Groody, and Dutcavage took oaths, to tell the truth and not mislead, misconstrue, misrepresent and/or put false information into either official public

records or courts of law, and Defendants Halcovage, Groody, and Dutcavage lied under oath, also called perjury.

33. Defendants have misappropriated – that is, stolen – the documents which are U.S. Government property and Commonwealth of Pennsylvania property under relevant records management and archive laws governing U.S. Government and Commonwealth of Pennsylvania officials.

34. Defendants have misappropriated – that is, stolen – the documents which the Plaintiff is entitled to as a vested property right and property pursuant to FOIA and RTLK laws.

35. Plaintiff filed many RTKL requests including to Defendant Groody asking in the public interest for contracts and other records, to Defendant Halcovage for specific emails and court records, and Defendant Dutcavage by way of the City of Pottsville Right to Know law officer for evidence of his sworn testimony to a City of Pottsville police officer.

36. Compliance with RTKL was harmed and corrupted by the RICO Enterprise.

37. County of Schuylkill did not comply with RTKL requests and Defendants concealed public records on a private server, or a server hidden from the Plaintiff's RTKL requests.

38. Defendants have a legal obligation to keep, preserve, and disclose official records.

39. Withholding of Public Records by Defendants is motivated by a corrupt enterprise.

40. Defendants conspiracy to conceal, withhold, and destroy official records

continues.

## The RICO Enterprise

41. For any Racketeer Influenced and Corrupt Organization case, it is important to distinguish between legitimate organizations, businesses, and government offices and the abuse of those entities for illegal purposes by the unofficial, corrupt "enterprise."

42. This pattern of illegal activities committed by the Defendants, the "Predicate Acts," discussed below, were done with the purpose of financial gain and were done within the past ten (10) years and continuing.

43. By the acts alleged herein, Defendants, each and every one of them, jointly and severally, have aided and abetted and conspired to violate FOIA and RTKL laws, through their ongoing criminal enterprise as set forth below.

44. The law presumes generally that a person intends the obvious results of their actions.

## Predicate Criminal Acts of Anticipatory Obstruction of Justice

45. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting spoliation of evidence to avoid a subpoena.

46. Sometimes called "anticipatory obstruction of justice," 18 U.S.C. § 1519 requires that: Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed

under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

47. The Justice Department manual advises that Section 1519 makes prosecution much easier because it covers "any matters" or "'in relation to or contemplation of' any matters." It adds, "No corrupt persuasion is required."

**Predicate Criminal Acts of Conspiracy to Conceal and Remove Official Records**

48. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting concealment, removal, or destructions – or attempts to do so – of public records.

49. 18 U.S. Code § 2071 requires: (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States. Predicate Criminal Acts of Conspiracy to Defraud United States

50. Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting of conspiracy to defraud the United States.

51. 18 U.S.C. § 371 provides: If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. Predicate Criminal Violations of Federal Mail Fraud Statute,

**Predicate Criminal Violations of Federal Mail Fraud Statute, 18 U.S.C. § 1341**

52. Under 18 U.S.C. § 1341, the Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting mail fraud.

53. The Defendants Dutcavage, Halcovage and Groody plus Casey, Holman and O'Pake and others acted in criminal violation of the federal mail fraud statute under 18 U.S.C. § 1341 and "anticipatory obstruction of justice," 18 U.S.C. § 1519.

54. 18 U.S.C. § 1341 provides: a. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository

for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more.

**Predicate Criminal Acts of False Statements**

55. The Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting false statements to officials of the U.S. Government in violation of 18 U.S.C. § 1001. This statute provides: (a) except as otherwise provided in this section, whoever, in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or

fraudulent statement or entry shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
***Misappropriation of Chattel Property (Common law crime)***

56. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

57. Pursuant to Pennsylvania RTKL and FOIA as a federal law, the Plaintiff has a vested property right to a copy of the records responsive to Plaintiff's RTKL requests.

58. Plaintiff was deprived of the records as personal property (chattel) to which Plaintiff is entitled.

59. The Defendants have misappropriated the personal property (chattel) of Plaintiff, with the intent to permanently deprive the Plaintiff and other information requestors of access to the documents which the RTKL entitles them to receive.

### SECOND CAUSE OF ACTION
***Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b)***

60. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

61. During the ten (10) calendar years preceding January 30, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO

predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(b) (prohibited activities).

62. Non-sovereign Defendants are each "persons" within the meaning of the Racketeer Influenced and Corrupt Organizations Act. [The only true sovereign is God].

63. Defendants operate as an "enterprise" within the meaning of RICO, the activities of which effect interstate and foreign commerce.

64. By virtue of the predicate acts described in this Complaint, including without limitations: kidnapping, mail and wire fraud, extortion, obstruction of justice, laundering of monetary instruments, engaging in monetary transactions improperly derived from unlawful activity, Defendants transferred, received, furthered and supplied financing and income that was derived, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing, operating and furthering other illegal enterprises in violation of 18 U.S.C. § 1962(a).

65. As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Plaintiff suffered the loss of valuable property, financial services and support, and suffered other physical, mental, business and pecuniary damages.

66. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(b) supra.

67. 18 U.S.C. § 1964(c) defines "racketeering activity" as follows:

*(1) "racketeering activity" means*

*(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;*

*(B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1592 (relating to peonage, slavery, and trafficking in persons)., [1] section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of*

*illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-forhire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic), sections 175–178 (relating to biological weapons), sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials),*

*(C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501 (c) (relating to embezzlement from union funds),*

*(D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States,*

*(E) any act which is indictable under the Currency and Foreign Transactions Reporting Act,*

*(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to*

*importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or*

*(G) any act that is indictable under any provision listed in section 2332b (g)(5)(B);*

68. Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs, and an award that this Court deems just and proper.

**THIRD CAUSE OF ACTION**
***Conduct and Participation in a RICO Enterprise through a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)***

69. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations under the Second Cause of Action concerning RICO liability.

70. All Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

71. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

72. During the ten (10) calendar years preceding January 30, 2018, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO

predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(c) (prohibited activities).

73. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(c) supra.

74. Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs, and an award that this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
***Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(d)***

75. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations under the Second Cause of Action concerning RICO liability.

76. All Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

77. During the ten (10) calendar years preceding January 30, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts

that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. § 1962(d).

78. Plaintiffs further allege that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. § 1962(d) (prohibited activities).

79. Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs, and an award that this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, each and every one of them, for the following:

I. An order enjoining Defendants from continuing to withhold any and all nonexempt records responsive to Plaintiff's Right to Know Law requests;

II. For injunctive relief that a forensic computer expert inspect and review the County of Schuylkill server and its contents, including possibly-recoverable deleted emails, to locate any and all email messages which may be responsive to the Plaintiff's Right to Know Law requests and/or qualify as official records, official business, or documents that should be the property of the State, and also for further injunctive relief that any email messages which are truly private (according to the Court's understanding not by the Defendant's' self-serving definition) be maintained as confidential and be returned to the Defendants.

III. For the RICO violations, Breach of Oath of Office, failure to record Plaintiff's documents, and all US Code violations named in this complaint, Order a criminal investigation of the Defendant David John Dutcavage, and both Prothonotary Office and Clerk of Courts Office

of the Defendant, County of Schuylkill;

IV. For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper.

V. An order for Defendants to expeditiously produce, by a date certain, any and all non-exempt records responsive to Plaintiff's Right to Know Law requests and a Vaughn index of any responsive records withheld under a claim of exemption;

VI. An order pursuant to 18 U.S.C. § 2071(b) that Defendants George Francis Halcovage and David John Dutcavage disqualified from holding any office under the United States.

VII. Plaintiff prays for in excess of $5 Million USD in compensatory damages and in excess of $200 Million USD in punitive damages, not including the trebled damages for the RICO causes of action, against Defendants, each and every one of them jointly and severally.

VIII. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and any other provision of the Freedom of Information Act and the Pennsylvania Right to Know Law.

IX. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to the Racketeer Influenced and Corrupt Organizations Act.

X. Order the public officials of Defendant County of Schuylkill who are not elected to public office in their full legal names to forfeit their offices or resign from office and require new elections where prospective candidates file for office in their full legal names:

XI. Enter an order declaring Defendant County of Schuylkill a criminal enterprise pursuant to the Racketeer Influenced and Corrupt Organizations Act;

XII. Enter an order declaring the conduct of Defendant Dutcavage, Halcovage and Groody, unconstitutional;

XIII. Enter an order declaring the conduct of Defendant County of Schuylkill, unconstitutional;

XIV. Any other relief the Court deems just or proper.

I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing is true and correct.

**JURY DEMAND**

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated: April 5, 2018.

Respectfully submitted,

Edward Thomas Kennedy, Pro Se [MBA]
401 Tillage Road
Breinigsville, Pennsylvania 18031
pillar.of.peace.2017@protonmail.com
kennedy2018@alumni.nd.edu
Telephone: 415-2751244
Fax: 570-6091810

Attached: Exhibit 1 Prima facie evidence of Dutchavage and Extortion 2 pages.

---

Notice of Constitutional question to Pennsylvania Attorney General Shapiro forthcoming.

# Exhibit 1

SCHUYLKILL COUNTY PROTHONOTARY

DATE: 10/30/17

CASH

COMMENTS: $24.00 copies $30.00 NSF Fee

AMOUNT RECEIVED $60.00

CHANGE 6.00

TOTAL $54.00

**PROTHONOTARY**
**SCHUYLKILL COUNTY COURTHOUSE**
**POTTSVILLE, PA 17901**
**DAVID J. DUTCAVICH**
**PROTHONOTARY**

Date: 10/30/2017

Filed By: EDWARD KENNEDY
Description: COPIES

| Description | | Total Amount |
|---|---|---|
| COPIES - CUSTOMER (48) | | 24.00 |
| RETURNED CHECK FEE | | 30.00 |
| | | ============ |
| | Due | 54.00 |
| Cash | | 54.00 |
| | | ============ |
| | Paid | 54.00 |

**Receipt #**
**217912**

Entered By: JF

Father Edward Kennedy

401 Tillage Road
Breinigsville, PA 18031

RECEIVED
SCRANTON

APR 09 2018

PER ______ DEPUTY CLERK

PETER
Acting Clerk

UNITED STATES
for
MIDDLE DISTRICT
William J. Nealon Federa
235 North Was
P.O. Bo
Scranton, PA