IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY

    Plaintiff,

v.                                Civil Action No. 3-18-cv-00767

                                  TRIAL BY JURY DEMANDED

DAVID JOHN DUTCAVAGE,
GEORGE FRANCIS HALCOVAGE,
JOSEPH G. GROODY, and
COUNTY OF SCHUYLKILL,
PENNSYLVANIA,

    Defendants.

## NOTICE OF CONSTITUTIONAL QUESTION

Plaintiff, Edward Thomas Kennedy, accepts the oath of office of the current Commonwealth of Pennsylvania Attorney General, Joshua David Shapiro, and binds him to it, and reminds office holder Shapiro of his fiduciary duty to the Plaintiff Kennedy.

Plaintiff seeks a peaceful resolution to these matters but will not hesitate to deny corrupt public officials of any claim for 11th amendment sovereign immunity. Only God is sovereign.

NOTICE

APOSTOLIC LETTER
ISSUED MOTU PROPRIO
OF THE SUPREME PONTIFF
FRANCIS

1

## ON THE JURISDICTION OF JUDICIAL AUTHORITIES OF VATICAN CITY STATE IN CRIMINAL MATTERS [1]

Plaintiff, Edward Thomas Kennedy, serves this notice of constitutional question on the Commonwealth of Pennsylvania Attorney General in this complaint and challenges the constitutionality of Commonwealth of Pennsylvania Statute § 4105. Bad checks, and especially Commonwealth of Pennsylvania Statute § 4105 (i) a summary offense if the check or order is less than $200.

Commonwealth of Pennsylvania Statute § 4105. Bad checks.
(a) Offense defined.--
(1) A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.
(2) A person commits an offense if he, knowing that it will not be honored by the drawee, issues or passes a check or similar sight order for the payment of money when the drawee is located within this Commonwealth. A violation of this paragraph shall occur without regard to whether the location of the issuance or passing of the check or similar sight order is within or outside of this Commonwealth. It shall be no defense to a violation of this section that some or all of the acts constituting the offense occurred outside of this Commonwealth.
(b) Presumptions.--For the purposes of this section as well as in any prosecution for theft committed by means of a bad check, the following shall apply:
(1) An issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:
(i) payment was refused because the issuer had no such account with the drawee at the time the check or order was issued; or
(ii) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal. Notice of refusal may be given to the issuer orally or in writing by any person. Proof that notice was sent by registered or certified mail, regardless of whether a receipt was requested or returned,

---

[1] http://w2.vatican.va/content/francesco/en/motu_proprio/documents/papa-francesco-motu-proprio_20130711_organi-giudiziari.html.

to the address printed on the check or, if none, then to the issuer's last known address, shall raise a presumption that the notice was received.

(2) A check or order stamped "NSF" or "insufficient funds" shall raise a presumption that payment was refused by the drawee for lack of funds.

(3) A check or order stamped "account closed" or "no such account" or "counterfeit" shall raise a presumption that payment was refused by the drawee because the issuer had no such account with the drawee at the time the check or order was issued.

(c) Grading.--

(1) An offense under this section is:

(i) a summary offense if the check or order is less than $200;

(ii) a misdemeanor of the third degree if the check or order is $200 or more but less than $500;

(iii) a misdemeanor of the second degree if the check or order is $500 or more but less than $1,000;

(iv) a misdemeanor of the first degree if the check or order is $1,000 or more but is less than $75,000; or

(v) a felony of the third degree if the check or order is $75,000 or more.

(2) When the offense is a third or subsequent offense within a five-year period, regardless of the amount of the check or order and regardless of the grading of the prior offenses, an offense under this section is a misdemeanor of the first degree unless the amount of the check or order involved in the third or subsequent offense is $75,000 or more, then the offense is a felony of the third degree.

(d) Venue.--An offense under subsection (a) may be deemed to have been committed at either the place where the defendant issues or passes the bad check or similar sight order for the payment of money or the place where the financial institution upon which the bad check or similar sight order for the payment of money was drawn is located.

(e) Costs.--Upon conviction under this section the sentence shall include an order for the issuer or passer to reimburse the payee or such other party as the circumstances may indicate for:

(1) The face amount of the check.

(2) Interest at the legal rate on the face amount of the check from the date of dishonor by the drawee.

(3) A service charge if written notice of the service charge was conspicuously displayed on the payee's premises when the check was issued. The service charge shall not exceed $50 unless the payee is charged fees in excess of $50 by financial institutions as a result of such bad check or similar sight order for the payment of money. If the payee is charged fees in excess of $50, then the service charge shall not exceed the actual amount of the fees.

(July 6, 1984, P.L.647, No.134, eff. 90 days; Dec. 20, 1996, P.L.1531, No.201, eff. 60 days; June 22, 2000, P.L.382, No.50, eff. 60 days; Dec. 18, 2007, P.L.462, No.70, eff. 60 days)

2007 Amendment. Act 70 amended subsec. (e).

1996 Amendment. Act 201 amended subsec. (b) and (c).
Cross References. Section 4105 is referred to in section 6122 of Title 7 (Banks and Banking); sections 3573, 3575, 8304 of Title 42 (Judiciary and Judicial Procedure).

1. Plaintiff Kennedy was not charged with violating law but with violating a statute by a biased and eccentric public official elected under the name "Jimmy Reiley." The name, Jimmy Reiley, does not comply with 6 CFR 37.3, full legal name.

2. Defendant Dutcavage and Jimmy Reiley are corrupt public officials who both knowingly committed acts of official misconduct, and were both able to game the justice system with malice toward the Plaintiff over one alleged bounced check. Plaintiff is unaware of any evidence of any check in his full legal name, and was denied his 14th amendment right to due process.

3. Summary offenses[2] in this statute and all Commonwealth of Pennsylvania statutes deny the accused the guaranteed constitutional right to a jury trial.

4. The United States Declaration of Independence accused George III of "depriving Americans in many cases, of the benefits of trial by jury."

5. Article III of the U.S. Constitution states that all trials shall be by jury. The right was expanded with the Sixth Amendment to the United States Constitution, which states in part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed," and the Seventh Amendment to the United States Constitution, guarantees a jury trial in civil cases.

---

[2] A summary offense is a criminal offense in Pennsylvania, and is often called a "non-traffic citation." Summary offenses include disorderly conduct, loitering, harassment, and low-level retail theft, and bad checks.

4

6. The U.S. Supreme Court noted the importance of the jury right in its 1968 ruling of Duncan v. Louisiana. In Duncan, the Court said: "Those who wrote our constitutions knew from history and experience that it was necessary to protect against unfounded criminal charges brought to eliminate enemies and against judges too responsive to the voice of higher authority." [3]

7. The original intent of the framers of the United States constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action.

8. Providing an accused with the right trial by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge." [4]

9. Plaintiff does not understand the legal definition for the phrase "non-traffic citation" used in the Pennsylvania Bad Check statute and "non-traffic citation" does not appear in the United States Constitution.

10. The Supremacy Clause of the Constitution should require Commonwealth of Pennsylvania to enforce federal laws. The Commonwealth of Pennsylvania Statute § 4105 Bad checks is harmful to Pennsylvania residents and violates federal laws.

11. Commonwealth of Pennsylvania Statute § 4105 Bad checks violates Article III of the U.S. Constitution that states that all trials shall be by jury.

12. Commonwealth of Pennsylvania Statute § 4105 Bad checks, as written, violates our form of democracy, our values and our culture, and has no legislative foundation in law. The

---

[3] Duncan v. Louisiana, 391 U.S. 145, was a significant United States Supreme Court decision which incorporated the Sixth Amendment right to a jury trial and applied it to the states.
[4] Defendant Dutcavage is not an elected Prosecutor but a Public Notary for hire and clerk of the civil court, titled Prothonotary in Pennsylvania. Dutcavage is not registered with the Pennsylvania Secretary of State as a Notary Public.

statute is a criminal statute and does not require proof beyond a reasonable doubt. The statute does not require the prosecutor to prove criminal intent.

13. Plaintiff Kennedy requests the current Pennsylvania Attorney General to suspend enforcing this statute until it can be re-written to conform to the United States Constitution.

14. Plaintiff Kennedy also requests the current Pennsylvania Attorney General to suspend enforcing this statute until it complies with Section 6 of the Commonwealth of Pennsylvania Constitution, Trial by Jury, which states as follows: "Trial by jury shall be as heretofore, and the right thereof remain inviolate."

15. The Commonwealth of Pennsylvania statute heretofore is titled Bad checks. The word checks implies and/or means more than one check. Therefore, how can a "summary offense" be defined as only one bad check? "Bad" and "bad checks" are not defined in the statute quoted above. What is the legal definition of "summary offense" and does this definition comply with federal law?

Date: April 17, 2018.

Respectfully submitted,

/s/ Edward Thomas Kennedy

_____

Edward Thomas Kennedy, Pro Se
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810

## CERTIFICATE OF SERVICE

I certify that on April 17, 2018, I electronically filed a copy of NOTICE OF CONSTITUTIONAL QUESTION with the Clerk of the Court using CM/ECF system, and sent by fax to 717-783-1107 to the following:

Joshua David Shapiro (also advertised on www.attorneygeneral.gov as Josh Shapiro)
Commonwealth of Pennsylvania Attorney General
Commonwealth of Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

/s/ Edward Thomas Kennedy
_____
EDWARD THOMAS KENNEDY
Plaintiff, Pro Se.