IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY
          Plaintiff,

     v.                                Civil Action No. No. 3-18-cv-00767
                                         TRIAL BY JURY DEMANDED
                                         First Amended Action of Trespass,
                                         and Trespass on the Case.

DAVID JOHN DUTCAVAGE,
in his official and individual capacities,
GEORGE FRANCIS HALCOVAGE,
in his official and individual capacities,
JOSEPH G. GROODY,
in his official and individual capacities,
COUNTY OF SCHUYLKILL,
PENNSYLVANIA, and
COMMONWEALTH OF PENNSYLVANIA,

               Defendants.


1.      This First Amended Action amends by entire substitution the action filed April 9, 2018 in the above entitled court.

FIRST CAUSE OF ACTION – TRESPASS

PARTIES

2.      Edward Thomas Kennedy, (hereinafter "Kennedy") is one of the people of the Pennsylvania, and in this court of record complains of each of the following: David

John Dutcavage, in his official and individual capacities, George Francis Halcovage, in his official and individual capacities, Joseph G. Groody, in his official and individual capacities, County of Schuylkill Pennsylvania and Commonwealth of Pennsylvania, hereinafter "Bandit" and all collectively "Bandits" who are each summoned to answer and declare under penalty of perjury the said in a plea of trespass, trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government and trover, to wit:

INTRODUCTION

3. Each Bandit exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said Bandits, without good cause, harmed Kennedy. From the moment he was harmed till the present, Kennedy, under color of law, was kept in constructive imprisonment. Although he objected to the assumed jurisdiction, those who kept him imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his liberty or the return of stolen property from Kennedy. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Kennedy continues to be subject, under color of law, to the assumed jurisdiction, will and control of the Bandits.

4. Through the courts, Kennedy encourages the government to obey the law.

SPECIFICS

5. Each defendant acted in such a way, or failed to act in such a way, that Kennedy is deprived of his liberty. Each defendant acted to deprive Kennedy of his

liberty; or each defendant failed to act to prevent the loss by Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

6. At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency. The following paragraphs describe what the Bandits, under color of law, either acted or failed to act as obligated.

7. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of liberty of Kennedy. Dutcavage lied under oath in documents and records published by the County of Schuylkill Pennsylvania and Commonwealth of Pennsylvania.

8. Kennedy involuntarily was charged before a court not of record and not a nisi prius court. Kennedy objected to the jurisdiction of the court. Defendants ignored Kennedy's Common law petition to vacate a void judgement.

9. Defendants ignored Kennedy's objections, and proceeded under color of law and extorted and stole funds from Kennedy.

10. Defendants have a duty to not cause Kennedy to be harmed under color of law, to not cause loss of liberty.

11. Further, defendants have a duty to prove jurisdiction when objection to jurisdiction is asserted.

12. Defendants have breached that duty.

13. The damages for the injury caused by defendants' actions are $1,000 for each day of unlawful behaviors for each defendant.

14. The damages for the injury caused by defendant's' absence of required action is $5,000 for each failure to act for each defendant.

SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

15. Paragraphs 1 through 14 are included by reference as though fully stated herein.

16. By right, Kennedy reasonably expects to proceed without injury, secure in his capacities. By right, Kennedy reasonably expects to exercise his right to liberty.

17. Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.

18. Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy in Schuylkill County, Pennsylvania, and on June 2, 2017 at Breinigsville, Pennsylvania, and on August 28, 29 and 30 in Lehigh County and Schuylkill County, Pennsylvania.

19. The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20. Paragraphs 1 through 19 are included by reference as though fully stated herein.

21. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

22. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

23. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT

24. Paragraphs 1 through 23 are included by reference as though fully stated herein.

25. Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy.

26 Kennedy wishes Defendants to not breach their oaths of offices.

27. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

29. The business model of Defendants is based on a foundation of deceptions, lies and fraud.

30. The damages claimed are all a result of the injuries.

## LAW OF THE CASE

31. Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.[1] In a court of record, a judge has no discretion.  Discretion is reserved to the independent tribunal. When the word "law" is used without qualification, it means common law.

## REQUEST FOR RELIEF

32. For that cause of action therefore Plaintiff brings his suit.

33. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

34. For general damages in the sum of $1,000 for each day of unlawful behaviors for each defendant, or $3,000,000.00, whichever is greater;

---

[1] See the use of dictionaries by the Supreme Court of the United States, by Kevin Werbach, titled Looking It Up: The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994).

35. For damages for the injury caused by defendant's' absence of required actions of $5,000 for each failure to act; or $10,000,000.00, whichever is greater;

36. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

37. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

38. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right;

39. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and provide him with a lawful government;

40. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor their fiduciary duty to Kennedy;

41. That the court order all the Bandits to expunge their records of Kennedy's name, and his fines, tickets, and all other records;

42. That the court order all the Bandits to return the value of all bonds created in these matters in this case and that these said bonds be given to Kennedy;

43. That the Court Order defendants County of Schuylkill Pennsylvania and Commonwealth of Pennsylvania to return his birth certificate stolen by the defendants and all financial instruments created in Kennedy's name to Kennedy;

44. For interest as allowed by law;

45. For costs of suit incurred;

46. That the court grant his lawsuit costs and lawyer fees; and

47. That the court grant such, other and further relief as the court deems proper;

48. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: June 16, 2018, County of Lehigh, Pennsylvania.

*Edward Thomas Kennedy* (SEAL)

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania
Email: kennedy12@pm.me
Fax: 570-609-1810.

## CERTIFICATE OF SERVICE

I certify that on June 16, 2018 that filed a copy of the above First Amended Action, and Exhibit 1 with the Clerk of the Court.

SEAL

*Edward Thomas Kennedy*
Edward Thomas Kennedy