IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


EDWARD THOMAS KENNEDY,
          Plaintiff.


                          v.                          Civil No. 3-18-cv-00767 (RDM-SES)
                                                      VERIFIED
                                                      TRIAL BY JURY DEMANDED


DAVID JOHN DUTCAVICH,
THE UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
COMMONWEALTH OF PENNSYLVANIA,
JOSHUA D. SHAPIRO, THOMAS G. SAYLOR,
THOMAS B. DARR, PENNSYLVANIA STATE
POLICE, AND MARIA CASEY,
              Defendants.


Second Amended Complaint

Take Judicial Notice


      a.      In loving memory of John Fitzgerald Kennedy, and Thomas Patrick Kennedy, (Plaintiff Kennedy's father) who both risked their lives in a small US Navy boat in the middle of the Pacific Ocean during World War II so that this Kennedy, Plaintiff Kennedy, would not be gang-stalked by demons in the Target store parking lot, and would not be terrorized by a SWAT team and solitary confinements. Spiritually Kennedy forgives all unconditionally before God, but in this court of record, it is now divine right time.

      b.      Exhibit 1, Law of the Case, (13 pages) includes The Lieber Code[1] and Law of Armed Conflict, Senator Lindsey Graham Questions Brett Kavanaugh Military Law vs Criminal Law, The case cited by Graham and Kavanaugh.[2]

      c.      Kennedy accepts the oath of office of all individual Defendants herein and federal employees with job titles of Judge, Magistrate, and Clerk and binds all to it.

---

[1] See Exhibit 1, Law of the Case, paragraphs 100 to 102.
[2] Citation is here: YASER ESAM HAMDI v. DONALD H. RUMSFELD, SECRETARY OF DEFENSE, et al., link here: http://law2.umkc.edu/faculty/projects/ftrials/conlaw/hamdi.html.

d.      Confirmatio Cartarum (October 10, 1297) by King Edward 1, reaffirms that the Magna Carta may be pleaded as the Common Law before this court.[3] Thus, Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law. When the word law is used in the US Constitution, they mean the common law.

e.      This is a complex case and requires Judicial Administration that agrees to obey the law, and especially Exhibit 1, Law of the Case.

f.      Concerning lawful enforcement of the Lieber Code, Plaintiff Edward Thomas Kennedy served a true copy of this Second Amended Complaint on General Joseph F. Dunford, Chairman of the Joint Chiefs of Staff by US regular mail to 9999 Joint Staff Pentagon Washington, DC 20318-9999 on December 6, 2018, to request an investigation to determine whether or not Defendants herein violated the Lieber Code, specifically 18 U.S. Code § 2384 - Seditious conspiracy and 18 U.S. Code § 2381 - Treason.

g.      Kennedy's notices the court he complied with Rule 8, FRCP[4] herein.

h.      Kennedy shares this document with retired Justice Anthony Kennedy concerning solitary confinement in Commonwealth of Pennsylvania Prisons. Plaintiff Kennedy welcomes a friend of the court brief.

TAKE JUDICIAL COGNIZANCE of the following:

1.      This Second Amended Complaint amends by entire substitution the action

filed as Plaintiff's Original Complaint, filed April 4, 2018, in ECF Document 1, and his

(First) Amended Complaint filed June 16, 2018, in ECF Document 8, in the above

entitled Second Amended Complaint.

STATEMENT OF THE CASE:

The government exceeded its jurisdiction, and because it exceeded its jurisdiction, injured

Plaintiff Kennedy in loss of rights. Through the courts, Plaintiff Kennedy encourages the

---

[3] https://www.constitution.org/eng/confir_cartarum.htm
[4] Rule 8. General Rules of Pleading
(a) Claim for Relief. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

government to obey the law, now, always and forever.

2.      Edward Thomas Kennedy (hereinafter "Plaintiff" and /or "Kennedy") is one of the people of Pennsylvania, and in this court of record complains of each of the following: United States of America, United States Postal Service ("USPS"), Commonwealth of Pennsylvania ("State" and/or "Defendant"), Joshua D. Shapiro ("Defendant"), Thomas G. Saylor ("Defendant"), Thomas B. Darr ("Defendant"), Pennsylvania State Police ("Defendant"), David John Dutcavich ("Defendant"), and Maria Casey ("Defendant" ) and all collectively "Defendants" hereby moves the Court to Order said Defendants to compensate the Plaintiff for his injuries described herein, in which the Plaintiff states in his verified complaint that this court of record does have jurisdiction concerning Kennedy's claims for injury in loss of rights. To repeat, a simple statement of the case is the government exceeded its jurisdiction, and because it exceeded its jurisdiction, Kennedy is damaged and injured in loss of rights.

JURISDICTION AND VENUE

3.      This court is a court of record, and it has jurisdiction under Exhibit 1, Law of the Case, and under 28 U.S. Code § 1331, a Federal question[5] and also under the commerce clause[6] of the US Constitution.

---

[5] https://www.law.cornell.edu/uscode/text/28/1331,
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
(June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.)
[6] The Commerce Clause describes an enumerated power listed in the United States Constitution (Article I, Section 8, Clause 3). The clause states that the United States Congress shall have power "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

4.      Injuries to the Plaintiff Kennedy are in the venue and jurisdiction of this court by the said Defendants.

5.      Defendant Commonwealth of Pennsylvania is a State and exceeded its jurisdiction, and because it exceeded its jurisdiction, Kennedy became injured in loss of rights.

6.      The Postmaster General of the United States Postal Service is its chief executive officer ('CEO") of the Defendant United States Postal Service; Megan J. Brennan is the current CEO and Postmaster General.[7] Postmaster General is not General Postmaster, prima facie evidence of Defendant's failure to provide a Republican form of government.[8] The Defendant USPS is in the business of controlling, leasing, and licensing the other Defendants for services. USPS is a corporation with a Board of Governors, and a Temporary Emergency Committee, but no Board of Directors.[9]

7.      Under the management, planning, organization, direction, supervision and administration of Defendants Saylor and Darr, Commonwealth of Pennsylvania courts do not operate as advertised.

8.      Employees of Defendant Pennsylvania State Police and a Swat Team[10] army of approximately forty (40) Commonwealth of Pennsylvania employees including employees of Defendant Pennsylvania State Police injured Kennedy at Kennedy's

---

[7] Link here: https://about.usps.com/who/leadership/officers/pmg-ceo.htm
[8] See "Next up is the U.S. Post Office which they (Amazon) use, at a fraction of real cost, as their "delivery boy" for a BIG percentage of their packages...." Trump tweeted in July, 2018. Link here:
https://www.zerohedge.com/news/2018-12-04/trump-targets-amazon-postal-reforms
[9] Link here: https://about.usps.com/who/leadership/welcome.htm
[10] Fatal South Whitehall shooting brings police officer's military background to the forefront, quote,
"...But it also is true that police have become "more military-like," Kraska said, citing the "extreme levels of fear" police SWAT teams can incite in the public. link here:
https://www.mcall.com/news/local/mc-nws-police-military-background-20180809-story.html

second-floor, bedroom door armed with loaded firearms, also known as guns, damaging Kennedy in injury in loss of rights.

9.     Kennedy suffered emotional damage and is damaged by Defendants by vicious and false charges and accusations and by a search and destroy mission lead by employees of the Defendant Commonwealth of Pennsylvania including Lehigh County Pennsylvania Sheriff Joseph N. Hanna that exceeded its jurisdiction in loss of rights.

FACTUAL ALLEGATIONS.

10.     Each Defendant acted to deprive Kennedy of his liberty or each Defendant failed to act to prevent the loss by Kennedy of his liberty.

11.     Further, each Defendant is a willing participant in concert with each of the remaining Defendants and their agents and /or employees.

12.     At all times mentioned in this action each Defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of the said agency. The following paragraphs now describe what the Defendants, under color of law, either acted or failed to act as obligated.

13.     Each Defendant exceeded its jurisdiction under color of law. Each Defendant acted in concert with the remaining Defendant to affect the unlawful loss of liberty of Kennedy.

14.     Commonwealth of Pennsylvania prisons at County of Schuylkill Pennsylvania prison at 230 Sanderson Street, Pottsville, PA 17901, [11] and Lehigh County

---

[11] Six uneducated, mostly illiterate, mostly Irish (gaelic) speaking Irish Catholic men were <ahem> hung and/or murdered by the Defendant Commonwealth of Pennsylvania at 230 Sanderson Street, Pottsville, PA on June 21,

Pennsylvania prison at 38 North Fourth Street,  Allentown, PA 18102 are operated as war crimes as defined under the Lieber Code, and both prisons operate today as evidence in support of Kennedy's Cause of Action - failure to provide a republican form of government.

15.    From a Pennsylvania Right To Know Law ("RTKL") request by Kennedy to County of Lehigh Pennsylvania, M Judith Johnston, RTKL Officer and Commonwealth of Pennsylvania employee, Johnston provided Kennedy with copy of a fax from State Police Fogelsville (one page) titled Bench Warrant, signed and sealed by Defendant Casey by Defendant Commonwealth of Pennsylvania employee William E. Baldwin, the President Judge of the Court of Common Pleas County of Schuylkill, Pennsylvania, a subordinate to Defendant Saylor. Said (fake) Bench Warrant does not grant Defendants jurisdiction or authority to damage Kennedy and/or deny him his rights, for denial of rights injured Kennedy, in loss of rights.[12]   Said fax is Exhibit 2.

16.    On January 10, 2018, Commonwealth of Pennsylvania employee and modern attorney Thomas Patrick Pellish, Deputy District Attorney Schuylkill County provided Kennedy with signed, official records of Commonwealth of Pennsylvania employees Philip C. Petrus, Christina E. Hale, Richard C. Clink, and David A. Plachko.

---

1877 led by a corrupt Schuylkill County District Attorney Franklin B. Gowen. Kennedy says horrific conditions in this prison in 2017 in his experience are like it's 1877.

[12] Exhibit 2 is a court document signed and stamped by Defendant Kennedy titled Bench Warrant Failure to Appear, is a public record, and under Rule 902 – Evidence That Is Self-Authenticating, is also self-authenticating for the fax chain of custody originated from Defendant Casey. Kennedy possesses the document by his request for a public document.

by way of Defendant Pennsylvania State Police to Lehigh County Sheriff hanna to Plaintiff Kennedy.

17.    Said documents presented to Kennedy appeared to Kennedy at that time to misstate and/or misconstrue matters from Commonwealth of Pennsylvania employee Thomas Pellish at that time in Pellish's office location at Schuylkill County Courthouse, Pottsville, PA.

18.    On June 2, 2017 between 2PM and 3PM local time at 401 Tillage Rd., Breinigsville, PA 18031, Defendant Pennsylvania State Police and other Commonwealth employees including Edgardo Colon,[13] Joseph N. Hanna[14] and others, exact names unknown to Kennedy at this time, threatened physically injure Kennedy with firearms and/or weapons of mass destruction under color of law at his second-floor bedroom door and called Kennedy a "sovereign citizen."[15]

Notice

There are no sovereign citizens.

19.    On August 28, 2017, at the Target store parking lot at 749 N Krocks Road, Allentown, PA 18106 at 10 am local time, Commonwealth of Pennsylvania employees used excessive force and transported Kennedy in handcuffs and chains to the County of Lehigh prison.

20.    On August 28, 2017, to August 30, 2017, inclusive at and in the County of Lehigh prison and County of Schuylkill prison, Kennedy was emotionally and physically injured by employees of the Defendant Commonwealth of Pennsylvania.

---

[13] Upper Macungie chief in dispute with township over salaries, link here:
https://docs.google.com/document/d/1WquFH6ScMIARliSO8urw12KoWuRearYJ_-RcjxAFuYE/edit
[14] Official public records show even under Commonwealth of Pennsylvania statute Joseph N. Hanna operates with no jurisdiction for his Bond and Commission are registered in his nickname, but not in his full legal name.
[15] There are no sovereign citizens. Sovereignty lies with we the people.

21.    On August 28, 2017, Kennedy was stripped naked, given a rectal exam, forced to wear prison clothes, given physical and mental exams and caged in solitary confinement conditions based on the color of law.

22.    On August 30, 2017, Commonwealth of Pennsylvania employee Heckman kidnapped Kennedy in full body chains from County of Lehigh prison to County of Schuylkill prison under color of law injuring the Plaintiff as described herein, in loss of rights.

23.    On August 30, 2017, Commonwealth of Pennsylvania employees Heckman and Tobin injured Kennedy with extreme deadly force. Kennedy was again stripped naked, given a second rectal exam, forced again to wear prison clothes, again given physical and mental exams and caged in solitary confinement like conditions based on the color of law.

24.    On August 30, 2017, Kennedy was involuntarily brought before a court not of record and not a nisi prius court. Kennedy objected to the jurisdiction of the court to James Goodman, Judge in this court of record and later objected to the jurisdiction of the court on to separate days and occasions to Commonwealth of Pennsylvania employee Charles Miller, a Senior Judge, who is under supervision the of Defendant Saylor.

25.    Defendants Saylor and Shapiro and also Schuylkill County District Attorneys for the Defendant Commonwealth of Pennsylvania Christine Holman, Michael O'Pake, and Thomas Pellish without proof of jurisdiction, ignored Kennedy's objections

and proceeded under color of law to continue Kennedy's constructive imprisonment and loss of rights.

26.     Because of the actions committed with actual and implied force or the lack of action of the Defendants, Kennedy was immediately and directly injured and suffered the loss of his liberty by the Defendants and imprisoned under color of law.

27.     Defendants have a duty to not cause Kennedy to be imprisoned under color of law, to not cause loss of liberty. Further, Defendants have a duty to prove jurisdiction when an objection to jurisdiction is asserted.

28.     Defendants have breached that duty.

FIRST CAUSE OF ACTION – NEGLIGENCE

29.     Paragraphs 1 through 28 are included by reference as though fully stated herein.

30.     Edward Thomas Kennedy is one of the people of Pennsylvania, and in this court of record complains of each of the following: United States of America, United States Postal Service, Commonwealth of Pennsylvania, Joshua D. Shapiro, Thomas G. Saylor, Thomas B. Darr, Pennsylvania State Police, David John Dutcavich, and Maria Casey who are each summoned to answer and declare or swear under penalty of perjury the said in a plea of negligence, trespass, trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government, and intentional infliction of emotional distress, hereby moves this Court to Order Defendants to

compensate the Plaintiff damages for his injuries described in the Causes of Action herein, to wit:

31.    The Commonwealth of Pennsylvania is a corporation and a subsidiary of the Defendant United States of America. Both are subject to US laws and jurisdiction. United States Postal Service is a corporation and a subsidiary of the Defendant United States of America.

32.    In tort law, and the law of the case, negligence is a distinct cause of action. The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm."

33.    In this case, herein, the Law of the Case (Exhibit 1) concerning negligence also covers the Defendant's omission to act to protect Kennedy from damages and injury in loss of rights.

34.    Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the Defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the Defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the Defendant's conduct.

35.    Defendants were negligent, and continue to be negligent.

36.    Defendant Thomas B. Darr had no authority or jurisdiction to create and/or sell bonds and/or financial instruments in Kennedy's name;

37.     Defendant Dutcavich and Commonwealth of Pennsylvania employees Joseph Murton, William C. Reiley, and John Fekety are negligent in the Court of Common Pleas of Schuylkill County in case No. MJ-21307-NT-0000253-2017, and said Defendants injured Kennedy in loss of rights;

38.     The Defendant United States allows the Defendant Commonwealth of Pennsylvania to operate prisons that injured Kennedy in loss of rights, and commit human rights violations and (possible) war crimes under the Lieber Code.

39.     Defendant United States of America [and its Department of Justice] is negligent for the US failed to protect Kennedy from physical and emotional injury in solitary confinement in Commonwealth of Pennsylvania prisons, that caused injury in loss of rights.

40.     Commonwealth Court Chief Clerk Michael F. Krimmel is employed by Defendant Commonwealth of Pennsylvania and is negligent in verified action 718MD2018 in Kennedy's Original Complaint in the Commonwealth Court of Pennsylvania, probably also (intentionally) injures Kennedy in loss of rights.

41.     Commonwealth of Pennsylvania employee Cyrus Palmer Dolbin is negligent in his signed Order of the Court documents dated November 14, 2018, and November 29, 2018, in Kennedy's Counterclaims in cases CP-54-CR-293-2017 and CP-54-CR- 2098-2017, injured Kennedy in loss of rights.

42.     Commonwealth of Pennsylvania employee John E. Domalakes, Judge, Court of Common Pleas,  Schuylkill County, is negligent in his signed Order of the Court

document dated November 1, 2018, and in Kennedy's Counterclaims in cases CP-54-CR-404-2017, injured Kennedy in loss of rights.

43.    Commonwealth of Pennsylvania employee, Jacqueline L. Russell, Judge, Court of Common Pleas, Schuylkill County, is negligent and trespassed on Kennedy's case and probably also obstructs Justice in Kennedy's Complaint by her signed "Order of Court" in Case S-1758-18, dated October 25, 2018.

44.    Commonwealth of Pennsylvania employee Gregory D. Johnson, Court of Common Pleas, Dauphin County, is negligent and trespassed on Kennedy's cases in case MJ-12302-TR-0003148-2016 and case MJ-12302-TR-0003147-2016, injured Kennedy in loss of rights.

45.    Commonwealth of Pennsylvania employees Gail M Greth and William A. Wyandt are negligent and trespassed on Kennedy's case in Docket Number Docket Number MJ-23304-TR-0001519-2018, injured Kennedy in loss of rights.

46.    Commonwealth of Pennsylvania employees Richard C. Clink, and David A. Plachko, Court of Common Pleas, Schuylkill County, are negligent and trespassed on Kennedy's case in Docket Number: MJ-21301-CR-0000016-2017.

47.    Commonwealth of Pennsylvania employees Philip C. Petrus and Christina E. Hale at Court of Common Pleas, Schuylkill County, were negligent and trespassed on Kennedy's cases in Docket Numbers MJ-21201-CR-0000018-2017 and MJ-21201-NT-0000488-2016.

48.    Commonwealth of Pennsylvania employees Christine Holman, Michael

O'Pake, and Thomas Pellish without proof of jurisdiction, ignored Kennedy's objections and proceeded under color of law to continue Kennedy's constructive imprisonment and loss of rights.

49.     Defendant Maria Casey is negligent in Bench Warrant Failure to APpear, signed, stamped and filed by Casey on April 12, 2017, in Court of Common Pleas Schuylkill.

50.     Defendant United States Postal Service is negligent for failing its duty and obligations to deliver all Notices from Defendants especially Commonwealth of Pennsylvania to Kennedy.

51.     The damages claimed are all a result of the injuries.

SECOND CAUSE OF ACTION – TRESPASS

52.     Paragraphs 1 through 51 are included by reference as though fully stated herein.

53.     Defendant United States Postal Service is a corporation and conducts interstate commerce in this judicial district. Defendant Shapiro is Pennsylvania Attorney General; Defendant Saylor is the Pennsylvania Chief Justice. Defendant Thomas B. Darr is the chief administrative officer for the Commonwealth of Pennsylvania Supreme Court. Defendant Pennsylvania State Police is a subsidiary corporation of Defendant Commonwealth of Pennsylvania. Defendant Dutcavich is Prothonotary, Court of Common Pleas Schuylkill County and a Pennsylvania licensed funeral director. Defendant Maria Casey is Clerk of Court, Court of Common Pleas Schuylkill County

Pennsylvania and is in the business of bailing. Steven M. Lukach, Casey's predecessor at said Clerk of Court office, was indicted by a federal grand jury on manufacturing records to obstruct an investigation.[16]

Notice

Kennedy requested by US mail and fax a certified copy of Exhibit 2 from Defendant Casey.

54.    Each Defendant exceeded jurisdiction by either directly, through an employee and/or agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause.

55.    Said Defendants, without good cause, harmed Kennedy. From the moment Kennedy was harmed until the present, Kennedy, under color of law, was kept in financial and constructive imprisonment and suffered damages and injury from Defendants.

56.    Each Defendant acted in such a way or failed to act in such a way, that Kennedy is deprived of his rights.

57.    Further, each Defendant is a willing participant in concert with each of the remaining Defendants.

58.    At all times mentioned in this action each Defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and

---

[16] https://www.justice.gov/usao-mdpa/pr/former-schuylkill-county-clerk-courts-charged-fraud,

scope of the said agency. The following paragraphs describe what the Defendants, under color of law, either acted or failed to act as obligated.

59.    Each Defendant exceeded their jurisdiction under color of law. Each Defendant acted in concert with the remaining employees and/or agents of the Defendants to affect the unlawful loss of liberty of Kennedy.

60.    Further, Defendants have a duty to provide care to the Plaintiff Kennedy. Defendants have breached that duty.

61.    The damages for the injury caused by Defendants' actions are $1,000 for each day of unlawful behaviors for each Defendant, or $10,000,000.00, whichever is greater;

62.    The damages for the injury caused by the Defendant's' absence of required action is $5,000 for each failure to act for each Defendant, or $10,000,000.00, whichever is greater;

63.    The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE

64.    Paragraphs 1 through 63 are included by reference as though fully stated herein.

65.    By right, Kennedy reasonably expects to proceed without injury, secure in his capacities.  By right,  Kennedy reasonably expects to exercise his right to liberty.

66.    Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.[17]

67.    Employees and/or agents of the Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy when Kennedy was taken into custody without jurisdiction or authority.

68.    The damages claimed are all a result of the injuries.

FOURTH CAUSE OF ACTION – TRESPASS ON THE CASE - VICARIOUS LIABILITY

69.    Paragraphs 1 through 68 are included by reference as though fully stated herein.

70.    Power is never without responsibility. And when authority derives in part from the Defendant Commonwealth of Pennsylvania Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

71.    The purpose of imposing vicarious liability is to ensure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a Defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of

---

[17] See Reservation of Sovereignty, Exhibit 1, Law of the Case, Paragraph 104.

exposing the ultimate victim to the actor. The vicariously liable Defendant must be in the business of controlling, leasing, bailing or licensing the actors.

72.    Each Defendant is an agent of the other, and each has his place in the chain of exposing Plaintiff Kennedy to the actors. Each Defendant and each employee and/or agent of the Defendants are vicariously liable for each instance of injury to Plaintiff.

FIFTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT

73.    Paragraphs 1 through 72 are included by reference as though fully stated herein.

74.    Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy.

75.    Kennedy accepts the oaths of office of all defendants and federal employees of this court and binds said defendants and employees to their oaths of office.

76.    Defendants and modern attorneys named herein such as Shapiro and Saylor are officers of the Defendant Commonwealth of Pennsylvania, a big corporation that provides services to we the people. The Commonwealth of Pennsylvania subsidiary, The Unified Judicial System of Pennsylvania, does not operate as advertised.

77.    The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights

are the priority.[18]

78.    The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority.

79.    One vote in a jury can stop all of the majority from depriving any one of the people of rights; this would not be so if the United States were a democracy.

80.    Defendants took mugshots, fingerprints and other private data from Kennedy without jurisdiction that injured Kennedy in violation of his rights.

81.    Defendants failed to provide a republican form of government.

82.    Defendants injured Kennedy in loss of rights in solitary confinement in two Commonwealth of Pennsylvania prisons.

83.    The damages claimed are all a result of the injuries.

SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.    Paragraphs 1 through 83 are included by reference as though fully stated herein.

85.    The tort of intentional infliction of emotional distress has four elements: (1) the Defendant must act intentionally or recklessly; (2) the Defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.

86.    The said four elements of intentional infliction of emotional distress are

---

[18] See also US constitution, Article I, Section 10, and more generally by the Republican Guarantee Clause in Article IV, Section 4, cited herein.

satisfied, which caused Kennedy severe emotional distress.

87.    The damages claimed are all a result of the injuries.

LAW OF THE CASE

88.    Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.[19]

REQUEST FOR RELIEF

89.    For that cause of action(s) therefore the Plaintiff brings his suit.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

90.    For general damages in the sum of $1,000 for each day of unlawful behaviors for each Defendant, or $10,000,000.00, whichever is greater;

91.    For damages for the injury caused by the Defendant's' absence of required actions of $5,000 for each failure to act; or  $10,000,000.00,  whichever is greater;

92.    That the court enter a declaratory judgment that Defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

---

[19] See the use of dictionaries by the Supreme Court of the United States, by Kevin Werbach, titled Looking It Up: The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994).

93.    That the court enter a declaratory judgment that Defendants have acted contrary to constitutional right, power or privilege;

94.    That the court enter a declaratory judgment that Defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right;

95.    That the court permanently enjoin Defendants from interfering in any way with Kennedy's lawful rights;

96.    That the court permanently enjoin Defendants from interfering in any way with Kennedy's lawful rights and honor their fiduciary duty to Kennedy;

97.    For interest as allowed by law;

98.    For costs of suit incurred;

99.    That the court grant his lawsuit costs and lawyer fees;

100.    That the court order the Defendant Commonwealth of Pennsylvania to compensate Kennedy $5,000,000.00 in damages for the injury caused to Kennedy by the Defendant's' Intentional Infliction of Emotional Distress;

101.    That the court order the Defendants to pay Kennedy $1,000,000.00 damages each for the injury caused by the Defendant's' failure to provide a republican form of government;

102.    That the court order Defendant Commonwealth of Pennsylvania to compensate Kennedy $1,500,000.00 for the injury caused by the Defendant's' Trespass on the Case -Vicarious Liability;

103.    That the court order Defendants Saylor and Shapiro to compensate Kennedy

$2,500,000.00 each for the injury caused by the Defendant's' Trespass on the Case -Vicarious Liability;

104.    That the court Order the Defendant United States Postal Service to pay Kennedy $1,000,000.00 damages each for the injury caused by the Defendant's failure to provide a republican form of government;

105.    That the court order Defendant Pennsylvania State Police to compensate Kennedy $1,500,000.00 for the injury caused by their Swat Team participation;

106.    That the court order Defendants to expunge all the (so-called) criminal records concerning Kennedy, including mugshots and fingerprints, etc., in all Defendant Commonwealth of Pennsylvania cases against Kennedy;

107.    That the court enter a declaratory judgment that the records of the court not of record are impeached for want of jurisdiction in the Court or judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings;

108.    That the court grant Kennedy his attorneys' fees;

109.    That the court grant Kennedy such, other and further relief as the court deems proper;

110.    That the court Order each Defendant to compensate Kennedy $500,000.00 for injury and damages under Fifth Cause of Action – Intentional infliction of emotional distress;

111.    That the court Order each Defendant to compensate Kennedy $500,000.00 for injury and damages under First Cause of Action – Negligence;

112.    That the court Order Defendants, especially Defendants Darr and Shapiro, to return to Kennedy all prison bonds and/or financial instruments created in Kennedy's name in Kennedy's cases by Defendants, especially Commonwealth of Pennsylvania;

113.    That the court Order United States Attorney to follow necessary law, policies and procedures to impanel a new Grand Jury to effectively investigate the Schuylkill County prison for human rights violations and war crimes and the Commonwealth of Pennsylvania and its solitary confinement practices in all of its prisons, especially in the Pottsville County of Schuylkill prison.[20]

114.    That the court Order Defendant Commonwealth of Pennsylvania to close the "Bad Checks" case filed against Kennedy falsely advertised at the Commonwealth of Pennsylvania Pottsville Magistrate Court;

116.    That the court Order the Defendant United States Postal Service to prove under oath evidence of commercial liability insurance;

117.    I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

TRIAL BY JURY DEMANDED

Date: December 6, 2018.

Respectfully submitted,

---

[20] Kennedy's prison cell in Pottsville, PA had no water, no light, and no bed. When Kennedy complained to the prison guard about the cell conditions, the prison guard told Kennedy to not complain for "...there are worse."

*/s/Edward Thomas Kennedy*

_____(seal)

Edward Thomas Kennedy,  Plaintiff

401 Tillage Road

Breinigsville, PA 18031

Phone: 415-275-1244.

Fax: 570-609-1810.

pillar.of.peace.2017@protonmail.com

kennedy2018@alumni.nd.edu


Attachments:

       Exhibit 1, Law of the Case (13 pages)

       Exhibit 2: Bench Warrant Failure to Appear (1 page)

Notice

      a.     Notice of Certified Copy of Bench Warrant forthcoming.

      b.     Notice of Constitution Questions to Defendant Shapiro forthcoming.

      c.     Notice of Constitution Questions to Defendant Saylor forthcoming.

CERTIFICATE OF SERVICE

I, Edward Thomas Kennedy, hereby certify that on the 6th day of December,

2018, the foregoing Second Amended Complaint, Exhibit 1, Law of the Case (13 pages),

and Exhibit 2, Bench Warrant Failure to Appear (1 page) is filed by ECF with this court

and by regular US mail to the following parties:

> General Joseph F. Dunford
> Chairman of the Joint Chiefs of Staff
> 9999 Joint Staff Pentagon
> Washington, DC 20318-9999.
>
> and
>
> Anthony Kennedy, Adjunct Professor
> McGeorge School of Law
> 3200 Fifth Avenue
> Sacramento, CA 95817

Respectfully submitted,

*/s/ Edward Thomas Kennedy*

_____
Edward Thomas Kennedy

Date: December 6, 2018.