**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-767 |
| v. | : | (JUDGE MANNION) |
| DAVID JOHN DUTCAVAGE, et al. | : | |
| Defendants | : | |

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Susan E. Schwab ("Report"), which recommends that the plaintiff Edward Thomas Kennedy's ("Kennedy") second amended complaint (Doc. 12) be dismissed. (Doc. 27). Kennedy filed a notice of objection, which this court construes as an objection to the Report. (Doc. 30).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)). The *de novo*

standard of review is not applicable here because it applies only to objections which are specific. *See Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("To obtain *de novo* determination of a [magistrate judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report . . . We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate [judge] system was meant to contribute to the judicial process.") (internal citations omitted). Kennedy's document titled "NOTICE OF OBJECTION" does not contain a specific objection to a proposed finding or recommendation. (Doc. 30). Therefore, Kennedy's objections (Doc. 30) are overruled.

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

The court finds that Judge Schwab used proper reasoning and evidence to support her Report and arrived at a legally sound conclusion. As such, Judge Schwab's Report is adopted in its entirety as the opinion of this court. Furthermore, the court finds that granting Kennedy additional leave to amend his complaint would be futile.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)** Judge Schwab's Report (Doc. 27) is **ADOPTED IN ITS ENTIRETY**;

**(2)** Kennedy's objections to Judge Schwab's Report (Doc. 30) are **OVERRULED**;

**(3)** Kennedy's second amended complaint (Doc. 12) is **DISMISSED**; and

**(4)** The Clerk of Court is directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2019**
18-767-01